# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

DAVID FALTERMEIER, on behalf of  )
himself and all others similarly situated, )
                                       )
           Plaintiff,            )
                                       )     Case No. 4:15-cv-00491-DGK
vs.                                       )
                                       )
FCA US LLC,                    )
                                       )
           Defendant.         )

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND DENYING DEFENDANT'S MOTION TO DISMISS

This is a putative class action arising from alleged violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020. Plaintiff David Faltermeier alleges that Defendant FCA US LLC made misrepresentations during a vehicle safety recall that have caused Plaintiff and all other consumers who have purchased those vehicles since June 4, 2013, an ascertainable financial loss.

Now before the Court is Plaintiff's Motion to Amend (Doc. 61). He argues the amended complaint clarifies and expands upon his original allegations with information obtained in the course of the lawsuit. For the reasons listed below, the motion is GRANTED.

A court may freely grant leave for a party to amend its pleading when justice requires. Fed. R. Civ. P. 15(a)(2). "[P]arties should usually be given at least one chance to amend their complaint." *Carter v. United States*, 123 F. App'x 253, 259 (8th Cir. 2005) (quoting *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999)). Leave to amend should be denied "only in those limited circumstances in which undue delay, bad faith on the part of the

1

moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001).

The Court must balance these considerations to determine if it should grant Plaintiff leave to amend his Complaint. The Court finds granting Plaintiff's motion will not unfairly prejudice Defendant. Plaintiff's proposed amendment provides much of the detail Defendant identified as lacking in the Complaint, and it will likely streamline discovery for both parties. Amending Plaintiff's original Complaint would not be futile; it appears the proposed amendment lessens the likelihood of dismissal for failure to state a claim. Bad faith on part of the Plaintiff is not apparent, and delay alone is not a reason to deny leave to amend. *See id.* ("[T]he delay must have resulted in unfair prejudice to the party opposing amendment to result in denial of leave to amend"). Thus, the Court finds no reason to deny Plaintiff's first motion for leave to amend. Plaintiff must file his amended complaint within seven days of this Order.

Because the Court grants Plaintiff's Motion to Amend, it must necessarily deny as moot Defendant's Motion to Dismiss (Doc. 13). *See Timber Point Props. III, LLC v. Bank of Am., N.A.*, No. 13-CV-03449-S-DGK, 2014 WL 2584825, at *5 (W.D. Mo. June 10, 2014). Should it see fit to do so, Defendant may file a motion to dismiss or a motion to transfer based on Plaintiff's amended complaint.

For the reasons discussed above, Plaintiff's Motion to Amend (Doc. 61) is GRANTED and Plaintiff is ORDERED to file his new complaint within seven days of this Order. Defendant's Motion to Dismiss (Doc. 13) is DENIED as moot. Because this Order constitutes a ruling on Defendant's Motion to Dismiss, the stay recently imposed by this Court (Doc. 59) is hereby LIFTED.

**IT IS SO ORDERED.**

2

Dated: March 8, 2016 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT