## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| DAVID FALTERMEIER, ) <br> Individually and on Behalf of All Others ) <br> Similarly Situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FCA US LLC, ) <br> ) <br> Defendant. ) | Case No. 15-491-CV-W-DGK |

## ORDER REGARDING DISCOVERY DISPUTE

This case is a putative class action arising from alleged violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020, in connection with the sale of certain Jeep vehicles. Plaintiff David Faltermeier alleges Defendant FCA US LLC ("FCA") made misrepresentations during a vehicle safety recall about the safety of the vehicles' fuel tanks that have caused Plaintiff and all other consumers who have purchased the recalled vehicles since June 4, 2013, an ascertainable financial loss.

Now before the Court is the parties' first discovery dispute which concerns various interrogatories and requests for production ("RFP") served on Plaintiff by FCA.

The Court rules as follows.

**1. Plaintiff shall answer Interrogatory #7.** Interrogatory #7 seeks information about Plaintiff's damages, specifically the amount Plaintiff believes it will cost to repair the vehicles so that they conform to FCA's representations about them, as well as the factual basis for this damage figure. Plaintiff answered that his compensatory damages are the subject of ongoing

discovery and investigation, and that he cannot quantify the cost of the repair before determining the necessary repair, an answer which depends on expert testimony.

FCA contends it is entitled to a statement of Plaintiff's current known damages. If there are no known calculable damages at this point, that is, if Plaintiff has not incurred any out-of-pocket expenses to date, then it is entitled to know that too.

The Court agrees with FCA's position. Plaintiff's objection is overruled.

**2.** **Plaintiff shall answer Interrogatories #8 and #15.** Interrogatory #8 asks Plaintiff to identify every document and oral statement he believes supports his contention that "the Jeep Vehicles are designed with a faulty plastic fuel tank positioned behind the rear axle without sufficient protection or structural support to withstand rear impact collisions." Interrogatory #15 asks Plaintiff to state the content of every representation made to him he believes is false, and for each such representation identify the person who made it, where it was made, the name and address of every person who heard it, and why he believes the representation was false.

Plaintiff has answered both interrogatories by claiming that the First Amended Complaint and attached exhibits answer these questions with sufficient particularity.

The Court finds the First Amended Complaint and attached exhibits do not answer these interrogatories. Almost all of the exhibits contain multiple pages; some, in fact, are more than ten pages long, leaving FCA to speculate as to exactly what portions of the documents contain representations Plaintiff claims are false. Plaintiff's objection is overruled.

**3.** **Plaintiff shall answer Interrogatory #11 and comply with RFP #45.** These requests seek details of any civil or criminal lawsuits in which Plaintiff has been involved. Plaintiff contends these material do not exist, and that the request is merely designed to harass and

embarrass him. FCA contends this information is relevant to Plaintiff's potential bias, credibility, and ability to adequately represent the class as the named representative.

The Court finds the answers to these requests may lead to the discovery of admissible information regarding Plaintiff's bias, credibility, and adequacy as a class representative. Hence, the requests are permissible. Plaintiff's objection is overruled.

**4.    Plaintiff objection concerning RFP #50 is sustained.** RFP #50 seeks the fee agreement between Plaintiff and Plaintiff's counsel. Plaintiff objects, arguing: (1) the fee agreement is privileged; and (2) it is not relevant at this stage of the litigation. Defendant contends that district courts within the Eighth Circuit have routinely found such fee agreements to be discoverable, and that the fee agreement is directly relevant to Plaintiff's adequacy as a class representative.

Where, as here, the Court is exercising its diversity jurisdiction, privilege is determined by the law of the forum state. Fed. R. Evid. 501. Under Missouri law, fee agreements between an attorney and a client are not privileged. *See, e.g., Amica Mut. Ins. Co. v. Willard*, No. 4:07cv1745DDN, 2009 WL 578381, at *1 (E.D. Mo. Mar. 5, 2009); *Baryo v. Philip Morris USA, Inc.*, No. 05-1182-CV-W-NKL, 2007 WL 2084111, at *4 (W.D. Mo. July 17, 2007).

Even so, the fact that the agreements are not necessarily privileged does not compel their disclosure. *See In re Front Loading Washing Mach. Class Action Litig.*, No. 08-51(FSH)(MAS), 2010 WL 3025141, at *4 (D.N.J. 2010). Federal courts disagree over whether fee agreements are discoverable at this stage of the litigation. *Mitchell-Tracey v. United Gen. Title Ins. Co.*, No. Civ. AMD-05-1428, 2006 WL 149105, at *1 (D. Md. Jan. 9, 2006). In the present case, the Court holds FCA has failed to demonstrate how discovery of the fee agreement will lead to evidence that is admissible for purposes of determining class certification.

Plaintiff's objection is sustained.

**IT IS SO ORDERED.**

Date:  June 6, 2016                             /s/ Greg Kays
                                                GREG KAYS, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT