## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| DAVID FALTERMEIER, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:15-cv-00491-DGK |
| vs. | ) ) | |
| FCA US LLC, | ) ) | |
| Defendant. | ) | |

## ORDER REGARDING DISCOVERY DISPUTE

This is a putative class action arising from alleged violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020. Plaintiff David Faltermeier alleges that Defendant FCA US LLC ("FCA") made misrepresentations during a vehicle safety recall that have caused Plaintiff and all other consumers who have purchased the recalled vehicles since June 4, 2013, an ascertainable financial loss.

FCA now seeks the production of Plaintiff's vehicle for an inspection involving: (1) accessing the vehicle's diagnostics system to check for active/stored codes; (2) measuring and photographing the vehicle and certain components; (3) removing the rear fascia in the bumper area to photograph and measure the fuel tank; and (4) test driving the vehicle a short distance under normal driving conditions.

At issue[1] is whether this inspection qualifies as "destructive," in which case Plaintiff should be allowed to attend, or "non-destructive," in which case Plaintiff should be barred from

---

[1] In his brief, Plaintiff also argues that this inspection is irrelevant to any claim or defense in the case, and that FCA waived any attorney work product protection with regard to the inspection. The Court finds that the inspection of Plaintiff's vehicle falls within the broad scope of Rule 26(b)(1). Because the Court ultimately finds that Plaintiff should be allowed to attend the inspection, it need not address Plaintiff's work product waiver argument.

1

attendance.[2]  Plaintiff argues that because engine codes and the rear bumper may be permanently altered, this is a "destructive" inspection.  FCA states that the inspection is "non-destructive" because no engine codes will be altered, and FCA will re-install the bumper to its as-found condition.

Destructive testing is "any testing of a chattel which results in its alteration or destruction."  Annotation, *Propriety of Discovery Order Permitting "Destructive Testing" of Chattel in Civil Case*, 11 A.L.R.4th 1245 (2004); *see, e.g., McCuistian v. LG Elecs., U.S.A., Inc.*, No. 15-cv-279-JA-GMB, 2016 WL 1690420, at *1 n.2 (M.D. Ala. Apr. 27, 2016) (identifying inspection as destructive where certain parts of smoke detector had to be removed); *Bostic v. Ammar's Inc.*, No. 03-146-ART, 2011 WL 251009, at *3-5 (E.D. Ky. Jan. 26, 2011) (treating disassembly of chair as destructive).

The Court finds the possibility of engine code or bumper alteration sufficient to qualify this inspection as "destructive."  FCA has not shown that there are adequate safeguards outside of Plaintiff's presence during inspection that will sufficiently minimize the potential prejudice to Plaintiff.  Accordingly, Plaintiff and Plaintiff's counsel shall be allowed to be present at the July 13, 2016, vehicle inspection.

**IT IS SO ORDERED.**

Dated: <u>July 5, 2016</u>                              <u>/s/ Greg Kays</u>
                                                                    GREG KAYS, CHIEF JUDGE
                                                                    UNITED STATES DISTRICT COURT

---

[2]Plaintiff and FCA agree that where destructive testing is proposed, the non-movant and his counsel are typically entitled to attend the inspection.  *See, e.g., Ramos v. Carter Express, Inc.*, 292 F.R.D. 406, 409 (S.D. Tex. 2013) (collecting cases).  The parties also agree that, "[i]n contrast, where courts compel production of materials for non-destructive testing, they habitually refuse to allow the presence of an opposing party."  *Id.*; *see also Shoemaker v. Gen. Motors Corp.*, 154 F.R.D. 235, 236 (W.D. Mo. 1994) (refusing to allow plaintiff to be present during non-destructive testing because "the presence of plaintiff's counsel at the tests will reveal protected attorney work product and consulting expert information").