UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID FALTERMEIER, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:15-cv-00491-DGK ) ) |
| FCA US LLC, | ) ) |
| Defendant. | ) ) |

## ORDER APPOINTING SPECIAL MASTER

In the interests of efficiency, the Court appoints Judge Jeff W. Schaeperkoetter to serve as Special Master pursuant to Federal Rule of Civil Procedure 53 and the Court's inherent power to seek assistance to administer the cases before it efficiently, economically, and in the interests of justice. *See* Fed. R. Civ. P. 53(a)(1)(A) ("[A] court may appoint a master only to . . . perform duties consented to by the parties. . . ."). Judge Schaeperkoetter has filed the affidavit required by Federal Rule of Civil Procedure 53(b)(3)(A) stating that there are no grounds for disqualification under 28 U.S.C. § 455 (Doc. 129-1).

The appointment of the Special Master in this matter is necessary given the number of discovery disputes arising in this case. At a minimum, the Special Master shall:

1) Review and attempt to resolve discovery conflicts, including by hearing oral argument or holding an evidentiary hearing;

2) Assist the parties with overseeing and developing protocol for the most efficient production of documents and/or data;

3) Assist the parties with issues raised by electronically-stored data;

4) Have the authority to compel discovery;

1

5) Propose structures and strategies for settlement negotiations;

6) Require the parties to appear at one or more mediation sessions conducted by the Special Master or an outside mediator, as the Special Master determines is appropriate and helpful, at such times and places as the Special Master directs;

7) Require the parties to attend the mediation sessions with persons who have settlement authority;

8) Provide an accounting of information, as may be requested by the Court;

9) Impose sanctions permitted by Federal Rule of Civil Procedure 53(c)(2);

10) Provide the Court a recommendation for resolution of any disputes concerning his duties if the dispute cannot be resolved consensually.

The parties must file any objections to the Special Master's orders or recommendations, or motions to adopt or modify his recommendations, no later than seven days after the order or recommendation is filed on ECF. Any party who fails to object to an order or motion, or makes a motion to adopt or modify the Special Master's recommendations, shall be considered to have accepted the Special Master's recommendation. The Court will subsequently rule on the issues raised, and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit the matter to the Special Master with further instructions. The Special Master's discovery orders will be reviewed by this Court for abuse of discretion. Fed. R. Civ. P. 53(f)(5).

The Special Master shall keep the Court updated as to his work in this matter, and shall provide the Court with a written update every 30 days summarizing this work and any progress made by the parties.

The Special Master shall be able to engage in *ex parte* communications with counsel, parties, and the Court, as necessary to permit the full and efficient performance of his duties.

2

The Special Master shall maintain and preserve certain records, including: normal billing records of time spent on the matter, with reasonably detailed descriptions of activities and matters worked on; formal written reports or recommendations of activities and matters worked on; documents created by the Special Master that are docketed in this matter; and documents received by the Special Master from counsel, parties, or other persons or entities concerning the issues in this case.

The terms of the Protective Order (Doc. 47) entered in this matter apply to the Special Master's handling of the records. If the Special Master submits anything to the Court that contains or would disclose confidential information designated as Confidential under the Protective Order, the Special Master has the authority to file under seal that portion which discloses Confidential information.

The Special Master shall be compensated at a rate of $200 per hour, with reimbursement for reasonable expenses. The parties shall share the costs of the Special Master equally as agreed by the parties (*See* Doc. 124 ¶¶ 6-7). The Special Master shall make every effort to minimize his expenses while carrying out the duties set forth in this Order.

The Court now refers Defendant's pending Motion to Compel (Doc. 111),[1] to the Special Master for a recommendation. The Special Master shall take into account the briefs in support and opposition filed by the parties.

**IT IS SO ORDERED.**

Dated: August 18, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Typically, the Court will not entertain any discovery motions until after the parties have conferred in good faith concerning the discovery issue at hand and, if the dispute remains unresolved, arranged for an immediate discovery dispute teleconference with the Court. L.R. 37.1. Defendant did not satisfy these requirements, and the Court did not authorize Defendant to file this motion to compel. Any future motions filed in contravention of the Local Rules will be summarily denied.