UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID FALTERMEIER, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 4:15-cv-00491-DGK |
| vs. | ) ) |
| FCA US LLC, | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE DAN CRIMMINS

This is a putative class action arising from alleged violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020. Plaintiff David Faltermeier alleges that Defendant FCA US LLC ("FCA") made misrepresentations during a vehicle safety recall that have caused Plaintiff and all other consumers who have purchased the recalled vehicles since June 4, 2013, an ascertainable financial loss.

Now before the Court are FCA's Motion for Relief from Paragraph 4 of the Scheduling Order (Doc. 109) and Plaintiff's Motion to Strike Dan Crimmins as an Expert Witness (Doc. 115). For the following reasons, FCA's motion for relief is DENIED and Plaintiff's motion to strike is GRANTED IN PART.

**Background**

The Court's Scheduling and Trial Order requires the parties to provide an affidavit for all witnesses, retained or non-retained, from whom expert opinions will be elicited. Sched. & Trial Order ¶¶ 3-4 (Doc. 30). This requirement is a departure from Rule 26(a)(2)(B)'s default

requirement that only retained experts need provide an expert report, but is explicitly authorized by the Federal Rules of Civil Procedure.[1]

FCA's class certification expert witness designations were due on May 4, 2016. Third Am. Sched. Order (Doc. 75). On May 4, 2016, FCA served its class certification expert disclosure on Plaintiff. It identified its employee and engineer, Dan Crimmins ("Crimmins"), as a non-retained expert who may testify at the class certification stage regarding facts and opinions relating to:

> the design, development, and production of, and the differences in, model-years 1993-1998 Jeep Grand Cherokee vehicles and model-years 2002-2007 Jeep Liberty vehicles ("Subject Vehicles"); available optional equipment for the Subject Vehicles; the design and development of, and the differences in, the fuel tanks in the Subject Vehicles . . . [and] the recall remedy provided for the Subject Vehicles and its effectiveness.

(Doc. 110-1 at 1). FCA did not, however, submit an expert report for Crimmins.

## Discussion

**I.     The Court's expert-report requirement applies to Crimmins, and because he did not comply with the requirement, he may not testify as an expert.**

FCA's motion seeks relief from the Court's expert-report requirement by arguing that he "is not an expert from whom an affidavit or report is required under the Federal Rule of Civil Procedure 26(a)(2)(B)" because he is not a *retained* expert. Def.'s Br. 3 (Doc. 110). This argument, however, flatly ignores the fact that the Court has opted out of the default rule and

---

[1] Rule 26(a)(2)(B) states that only retained experts need to provide expert reports "[u]nless otherwise stipulated or ordered by the court." And the Court has ordered otherwise. Paragraph three of the Scheduling and Trial Order lists the deadline to designate expert witnesses and states it "applies to *all witnesses retained or non-retained* from whom expert opinions will be elicited at trial." (Doc. 30 ¶ 3(emphasis added)). Paragraph four adds, "Along with each party's designation of expert witnesses, each party shall provide the other parties with an affidavit [the expert report] *from each expert witness designated pursuant to paragraph 3* of this section." (*Id.* ¶ 4(emphasis added)).

expressly ordered that all experts, retained and non-retained, must provide an expert report to testify as an expert. Accordingly, this portion of FCA's motion is summarily denied.

Because FCA did not timely provide an expert report as required in the Court's Scheduling Order, Crimmins may not testify as an expert.

## II. Crimmins may testify as a fact witness.

Arguing in the alternative, FCA contends that Crimmins is merely a fact witness who will testify "as FCA" about "facts borne out by [FCA's] own records" and so should be permitted to testify as a fact witness. Def.'s Reply 3 (Doc. 120). Although FCA has consistently characterized him as an expert,[2] the Court will consider whether he may testify as a lay witness.

In response, Plaintiff argues FCA should be precluded from offering any testimony from Crimmins in the class certification stage—even as a fact witness—because FCA failed to disclose him in its initial disclosures under Rule 26(a)(1)(A)(i) and subsequent supplements (*see* Doc. 116-3 at 2-3), thereby prejudicing Plaintiff.

In its initial disclosures, "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). These disclosures must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." *Id.* 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule

---

[2] FCA refers to Crimmins as an "expert" in its "Rule 26(a)(2)(C) Expert Disclosure" (Doc. 110-1). FCA's counsel also indicates that Crimmins is a non-retained expert in its e-mail conversations with Plaintiff's counsel (Doc. 116-4 at 1-2), and Crimmins attended the inspection of Plaintiff's vehicle as FCA's expert (*See* Doc. 123 at 5).

26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." *Id.* 37(c).

As a threshold matter, the Court finds FCA identified Crimmins as a witness in its May 4, 2016, disclosure. Although the caption identified him as an expert witness, this document contained enough information to give Plaintiff adequate notice that Crimmins might testify as a fact witness. For example, FCA disclosed Crimmins may testify as to his personal experience as an employee in the design, development, and production of models of cars manufactured during his tenure, and his personal perception of the recall efforts undertaken during his employment. This was sufficient to put Plaintiff on notice that he might testify as a lay witness. However, in light of FCA's mislabeling of this witness, Plaintiff shall be allowed to depose Crimmins within thirty days of this order.[3]

Because notice was adequate, the Court finds that FCA's failure to supplement its initial disclosures and identify Crimmins as a lay witness is harmless. Crimmins may testify as a lay witness regarding class certification, and Plaintiff shall be given the opportunity to depose Crimmins within thirty days of this order.

**III.     The scope of Crimmins's testimony as a lay witness is limited.**

Even though he is allowed to testify as a lay witness, it appears the scope of his testimony will be limited because he lacks personal knowledge of the relevant events. A lay witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. A lay witness may also testify as to his inferences and opinions only where they are grounded in personal observations and experience. *See* Fed. R. Evid. 701; *United States v. Wirtz*, 357 F. Supp. 2d 1164, 1169 (D. Minn.

---

[3] The briefs indicate that Plaintiff has not deposed Crimmins.

2005) (allowing lay witness to testify as to his opinion where it was based on the witness's personal experience as an employee).

Here, it appears that Crimmins has only been employed by FCA and other Chrysler-related entities since 1999 (*see* Doc. 116-2 at 1), and FCA does not indicate how he has personal knowledge of the design, development, and production of vehicles manufactured between 1993 and 1998.  Granted, FCA argues that a corporate representative designated pursuant to Federal Rule of Civil Procedure 30(b)(6) is deemed to have personal knowledge of matters known or reasonably available to the corporation, and may therefore offer testimony regarding those matters.  However, Rule 30(b)(6) applies to *deposition* testimony, and Crimmins has not been deposed in this matter.  *Cf. Hudson v. Butterball, LLC*, No. 08-5071-CV-SW-RED, 2009 WL 3486780, at *1 n.3 (W.D. Mo. Oct. 14, 2009) (rejecting argument that 30(b)(6) deposition transcript was inadmissible due to deponent's lack of personal knowledge where deponent was designated as corporate representative during the deposition).  Hence, Crimmins may not testify about these matters unless FCA can provide a basis for his personal knowledge of this information.  Further, he may not testify as to any opinions that are based on scientific, technical, or other specialized knowledge within the scope of Federal Rule of Evidence 702.  Fed. R. Evid. 701(c).

Accordingly, FCA's motion for relief is DENIED and Plaintiff's motion to strike is GRANTED IN PART.

**IT IS SO ORDERED.**

Dated:  August 25, 2016                              /s/ Greg Kays
                                                                GREG KAYS, CHIEF JUDGE
                                                                UNITED STATES DISTRICT COURT