# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

DAVID FALTERMEIER, on behalf of )
himself and others similarly situated )
                                                             )
                Plaintiff, )
                                                             )
v. ) No. 4:15-cv-00491-DGK
                                                             )
FCA US LLC, )
                                                            )
                Defendant. )

## ORDER DETERMINING COSTS

Plaintiff David Faltermeier alleged that Defendant FCA US LLC ("FCA") made misrepresentations during a vehicle safety recall, causing him and other customers an ascertainable financial loss. On March 24, 2017, the Court granted Defendant FCA's Motion for Summary Judgment (Doc. 208).

Now before the Court is FCA's Proposed Bill of Costs (Doc. 213), to which Faltermeier objects (Doc. 217).

### Standard

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A district court "has discretion in determining and awarding costs in a given case." *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987); *see Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court."). But, the "prevailing party is presumptively entitled to recover all of its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). The prevailing party

bears the burden of persuading the court that the items and amounts sought are compensable under 28 U.S.C. § 1920 or some other authority. *Combs v. Cordish Cos.*, No. 14-0227-CV-ODS, 2015 WL 5096009, at *1 (W.D. Mo. Aug. 28, 2015).

The court's power to tax costs under § 1920 is limited to the items enumerated in the statute. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2000 (2012). 'Costs' are construed narrowly under the statute. The Supreme Court has cautioned that "[a]lthough 'costs' has an everyday meaning synonymous with 'expenses,'" taxable costs "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Id.* at 2006.

Section 1920 identifies six expenses that may be taxed as costs: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**Discussion**

FCA requests $30,275.45 in costs (Doc. 221).[1] Faltermeier raises specific objections to various items in FCA's Proposed Bill of Costs, which the Court will address in turn.

I. **FCA's costs incurred deposing Faltermeier's witnesses are compensable.**

Faltermeier objects to $8,525.00 in fees FCA incurred deposing Faltermeier's witnesses. FCA may recover fees paid to Faltermeier's experts for appearing at depositions. *See Stanley v. Cottrell, Inc.*, 784 F.3d 454, 465 (8th Cir. 2015) (finding fees paid to depose the losing party's

---

[1] FCA initially requested $32,255.89 in costs. In their Response to Faltermeier's Objections (Doc. 221), FCA amended its request to $30,275.45.

2

expert recoverable); *Alternative Med. & Pharm., Inc. v. Express Scripts, Inc.*, No. 4:14-CV-1469, 2016 WL 3443574, at *2-3 (E.D. Mo. June 23, 2016) (same). Faltermeier's citation to *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)—which addressed "the power of federal courts to require a losing party to pay the compensation of *the winner's* expert witnesses"—is inapplicable here. *See id.* at 438 (emphasis added). FCA is entitled to recover $8,525.00 plus $38.00 it paid to a non-party witness. *See Pierce v. Moore*, No. 11-CV-132, 2015 WL 2412118, at *2-3 (E.D. Mo. May 20, 2015).

## II. The cost of videotaped depositions is compensable in this case.

Faltermeier objects to $4,266.50 in fees FCA paid for deposition videos; Faltermeier does not object to fees paid for printed transcripts. Printed and video transcripts are both recoverable when "each transcript was necessarily obtained for use in the case." *See Stanley*, 784 F.3d at 466 (noting "[t]here are many circumstances where both printed and electronically recorded transcripts are necessarily obtained for use in the case," such as in "a large and complex patent case"). The Court holds that this class action case was sufficiently large and complex such that both the printed and video transcripts were necessarily obtained for use. FCA may recover the cost of video depositions.

## III. FCA's printing costs are compensable.

FCA seeks $1,742.45 in printing costs. These costs are recoverable under §§ 1920(3) and (4). *See Ecclesiastical Denzel Washington v. Larry Denney*, No. 2:14-CV-06118, 2017 WL 4399566, at *8 (W.D. Mo. Oct. 3, 2017) (finding printing costs recoverable because "submitted invoices substantiate the fees for printing"). Based on the invoices FCA submitted here, the $1,742.45 printing cost is recoverable.

### IV. FCA's exemplification costs are compensable.

FCA seeks $87.88 in exemplification costs. Section (4) provides that the Court may tax as costs "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." This Circuit has affirmed awards of costs for "copies of exhibits and relevant documents for use in depositions." *See LexMac Energy, L.P. v. Macquarie Bank Ltd.*, No. 4:08-CV-048, 2014 WL 11516245, at *1 (D.N.D. Feb. 19, 2014), *aff'd*, 793 F.3d 926, 932 (8th Cir. 2015); *see also Two Palms Software, Inc. v. Worldwide Freight Mgmt. LLC*, No. 4:10-CV-1045, 2012 WL 6608611, at *2 (E.D. Mo. Dec. 18, 2012) ("[T]he disputed expenses are for copies of exhibits used in the deposition of plaintiffs' expert, and copies produced by defendants for plaintiffs during discovery. . . . [T]hese copies were necessarily obtained for use in the case within the meaning of the statute." (citation omitted)). FCA may recover $87.88.

### V. FCA's room-rental costs for deposing Faltermeier's experts are compensable.

Faltermeier objects to $1,019.17 in fees FCA incurred renting conference rooms to take depositions of his experts. The conference room rental fee is recoverable. *See Burton v. St. Louis Bd. of Police Comm'rs*, No. 4:10-CV-1540, 2012 WL 5392500, at *1 (E.D. Mo. Nov. 5, 2012) ("Plaintiff does not dispute that the deposition location was selected by his expert. Thus, the cost of one video conference room rental should be borne by Plaintiff."). The costs of shipping deposition exhibits to these out-of-town sites, shipping filings to the Court, and producing documents to Faltermeier are likewise recoverable.

### VI. Deposition synchronization costs are not compensable.

Faltermeier objects to $2,565.00 in costs synchronizing deposition video and transcripts. "The burden of synchronizing the two media should not fall on Plaintiff." *St. Francis Med. Ctr. V. C.R. Bard, Inc.*, No. 1:07-cv-0031, 2010 WL 1980328, at *1 (E.D. Mo. May 18, 2010); *see also Combs v. Cordish Cos., Inc.*, No. 14-0227-CV, 2015 WL 5096009, at *4 (W.D. Mo. Aug.

4

28, 2015) ("The Court's prior ruling leads to the obvious conclusion that synchronization of the written and video depositions is not allowed. . . . [S]ynchronization . . . is not a fee for the transcript." (citation omitted)). The $2,565.00 cost of synchronization is not recoverable.

### VII. The cost of shipping deposition transcripts is not compensable.

Faltermeier objects to paying $389.50 for fees FCA incurred shipping deposition transcripts. "A cost that is merely associated with a deposition is not compensable." *See Kirk v. Schaeffler Grp. USA, Inc.*, No. 3:13-CV-5032, 2016 WL 6023696, at *4 (W.D. Mo. July 26, 2016); *see also Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (finding delivery costs for deposition transcripts not compensable). FCA may not recover the $389.50 costs of shipping deposition transcripts.

### VIII. The cost of the Special Master is not compensable in this case.

Faltermeier objects to $4,080.00 in fees paid to the Special Master. "The apportionment of fees and costs for a special master rests within the Court's discretion." *See Cromeans v. Morgan Keegan & Co., Inc.*, No. 4:14-MC-00274, 2015 WL 332959, *1 (E.D. Mo. Jan. 23, 2015) (citing *Southern Agency Co. v. LaSalle Cas. Co.*, 393 F.2d 907, 915 (8th Cir. 1968)). After considering the facts in this case, including the parties' original agreement to share the special master costs, the $4080.00 payment to the Special Master recoverable. *See, e.g.*, *Aird v. Ford Motor Co.*, 86 F.3d 216, 221 (D.C. Cir. 1996).

### Conclusion

Accordingly, the Court awards FCA $27,320.95 in costs.

**IT IS SO ORDERED.**

Date: October 24, 2017          /s/ Greg Kays
                                GREG KAYS, CHIEF JUDGE
                                UNITED STATES DISTRICT COURT